### Interdiction of ALLGEYER.
### No. 17340.

Court of Appeal of Louisiana. Orleans.
April 8, 1940.

Lemle, Moreno & Lemle, of New Orleans, for New Amsterdam Casualty Co., plaintiff-appellant.

Wisdom & Stone, of New Orleans, for Dr. Ernest E. Allgeyer, Curator of the interdict, Ann Marcelle Allgeyer, defendant-appellee.

WESTERFIELD, Judge.

This is a suit for a premium on a surety bond. The New Amsterdam Casualty Company issued its bond covering the faithful performance by Dr. Ernest E. Allgeyer of his trust as the dative curator of the Interdict, Ann Marcelle Allgeyer, on November 15, 1933, charging therefor an annual premium of $168, payable in advance. Sometime prior to November 15, 1938, Dr. Allgeyer advised the New Amsterdam Casualty Company that he had obtained a bond from the United States Fidelity & Guaranty Company, after having been authorized so to do by the Judge of the Civil District Court and furnished the New Amsterdam Casualty Company with a copy of the order of the Court permitting the substitution. The New Amsterdam Casualty Company, taking the position that its bond was not subject to cancellation and its liability thereunder not affected by the attempted substitution of the United States Fidelity & Guaranty Company, brought this suit against Dr. Allgeyer for $168, the amount of premium due for the year beginning November 15, 1938. Dr. Allgeyer filed an exception of no right and of no cause of action which was maintained by the District Court and the plaintiff, the New Amsterdam Casualty Company, has appealed to this Court.

The question presented is whether the bond of a tutor or curator may be cancelled during the administration of the estate of the minor or interdict, so as to relieve the surety of further obligation. It is said on behalf of the New Amsterdam Casualty Company that the obligation, once assumed, is a continuing one and that the attempt to substitute another surety is unauthorized by any provision of law, consequently, since liability continues, the premium should be paid. We have included tutors with curators because, under Article 415 of the Revised Civil Code, the requirements concerning the oath of the tutor, inventory and security are also applicable to the curatorship of interdicted persons. Article 317 of the Code concerns the bond of the tutor, but contains no express provision for its cancellation or substitution.

Two cases are relied upon as authority for the position of the New Amsterdam Casualty Company. Rochereau v. Jones, 1877, 29 La.Ann. 82, and Globe Indemnity Company v. O'Connor, 1920, 147 La. 195, 84 So. 585, 587. Both of these cases deal with notarial bonds which, under the provisions of Section 9 of Act No. 42 of 1890, are required to be renewed every five years. The Court held that the attempted substitution of a new surety within the five year period was ineffective. For example, it was said in the Globe Indemnity Company case that: "He was not put to any inconvenience in the matter of proving the qualification of the Globe Indemnity Company as surety on his bond dated June 21, 1915, and covering a period of five years from and after that date. The Globe Indemnity Company was, when O'Connor took out the new bond, and has been at all times since the 21st of June, 1915, liable as surety on the bond of that date, whatever may have been the liability of the surety on O'Connor's bond dated June 15, 1916. See Rochereau v. Jones, 29 La.Ann. 82. O'Connor did not, because he could not, release the Globe Indemnity Company from liability as surety on his bond. He did not, because he could not, comply with the covenant which was made the condition for releasing him from his obligation to pay the premium annually during the term of the bond. And we can see no reason in law or equity for releasing O'Connor from his obligation in that respect."

In United States v. National Surety Company of New York, 1939, 191 La. 1017, 187 So. 9, 17, our Supreme Court held that the qualifying bond of an insurance company doing business in this State, could be substituted so as to relieve the original surety. There, the National Surety Company of New York qualified to do business in Louisiana, and, as it was required to do by statute, filed with the Secretary of State on February 24, 1931, a qualifying bond in the sum of $50,000, with the American Surety Company of New York as surety. On March 3, 1932, it filed a similar bond with the Secretary of State with the Fidelity & Deposit Company as surety. The National Surety Company became insolvent, receivership proceedings were instituted and a receiver for the State of Louisiana was appointed by the Civil District Court for the Parish of Orleans. The Fidelity & Deposit Company, acknowledging its obligation under its bond, deposited $50,000 in the Registry of the Court as in concursus. The American Surety Company, however, contended that the qualifying bond of the Fidelity & Deposit Company, filed with the Secretary of State on March 3, 1932, superseded its bond filed on

February 24, 1931, and that thereafter it ceased to be liable for any debts or claims against its principal, the National Surety Company, except such as arose or accrued while its bond was in effect—that is to say, during the period between February 24, 1931, and March 3, 1932—resisted all attempts to make it otherwise liable. This position was sustained by the Court in a lengthy opinion.

Counsel for the New Amsterdam Casualty Company concede that the Court in the National Surety Company case upheld the substitution of a surety in a case involving the qualification of an insurance company to do business in this State, but they say "it may well be that the decision by the Supreme Court will be confined to those peculiar cases. Since there is no provision in our Civil Code nor in our statutes for the cancellation or substitution of a curator's bond, we submit that a bond, once executed, is not subject to cancellation and that it remains in effect as long as the administration of the curator".

In the opinion in the National Surety Company case, Globe Indemnity Company v. O'Connor and Rochereau v. Jones, supra, relied upon by the New Amsterdam Casualty Company, were discussed and distinguished upon the ground "that the notary was liable for the premium because, under his contract and agreement and under the law, he was bound to carry the bond for five years". The Court also cited the case of American Indemnity Company v. Reed, 191 Ark. 556, 87 S.W.2d 1, and said that in that case "The Supreme Court of Arkansas held that a statutory bond may be replaced by another statutory bond even in the absence of some provision in the statute authorizing such replacement". Thus, inferentially at least, holding that the same thing might be done in Louisiana.

The substitution of the United States Fidelity & Guaranty Company, as surety, in place of the New Amsterdam Casualty Company on his curator's bond by Dr. Allgeyer, was permissible under the law and had the effect of relieving the New Amsterdam Casualty Company of further responsibility; consequently, there is no liability for the premium.

For the reasons assigned the judgment maintaining the exception of no right or cause of action is affirmed.

Affirmed.